SIDNEY PILCHER v. A. L. KIRK ET AL.

(Case No. 2729.)

1. PLEADINGS.— The fact that the plaintiff represents herself in her petition filed in trespass to try title, as the sole surviving heir of the original grantee, will not defeat a recovery as against a trespasser or wrongdoer in a case where the evidence reveals the existence of other heirs not made parties.

2. DISTINGUISHED.— This case distinguished from those in which it is held, that, when the plaintiff specially pleads his title, he can only recover upon the title as pleaded.

APPEAL from Erath. Tried below before the Hon. J. P. Osterhout.

Sidney Pilcher filed her petition in the district court of Erath county on the 6th day of August, A. D. 1873, against A. L. Kirk, William Hughes and Henry French, for the recovery of one-third of a league of land, averring, in substance, that the land had been located by virtue of a certificate issued by the district court of Liberty

county, Texas, on the 9th day of October, A. D. 1841, to John Gaylor; that John Gaylor, the grantee, died in Liberty county, Texas, on the 4th day of March, 1848; that she was his sole surviving heir; that all of his other heirs were dead, and that she was entitled to the land by reason of such heirship.

Defendants answered that they were not guilty, and pleaded title in themselves. Defendant Kirk averred that he purchased from John Gaylor, in 1870, paying value. Defendant Hughes averred that he had purchased from defendant Kirk a part of the land, and suggested valuable improvements, holding under deed duly recorded for more than one year, before the filing of this suit, etc. Verdict and judgment for the defendants.

One of the errors assigned was the refusing to give a charge, which is fully disclosed in the opinion.

The deed from John Gaylor to appellee Kirk bore date January 21, 1870, and therein the former claims to be, and conveys as, the grantee in the certificate and patent.

*T. G. Bean,* for appellant.

*T. N. Nugent,* for appellees.— The rule at common law, with the American modification, seems plainly to contemplate that a recovery may be had of the whole or a moiety of the premises, according as the action may be brought by all or one of the co-tenants, upon a joint or a separate demise; but it is nowhere so broadly stated as to allow a recovery of the whole by one co-tenant in his own right and against any defendant. Our simple action is nothing more nor less than ejectment, stripped of its technical fictions. The real parties in interest in the former come before the court, instead of the mythical plaintiff and defendant of the latter; and a direct allegation of ownership has superseded the statement of the demise. The character and extent of the plaintiff's right in both must be disclosed by the pleadings. In

ejectment, the demise affords the test; it measures the plaintiff's interest and his right of recovery. In our action, the direct allegations of the real parties in interest furnish the rule, and they recover such interest as they allege and prove. But to lay it down as a universal rule, applicable to all cases, that one joint tenant, or tenant in common, can maintain trespass to try title as against any and all adverse claimants, would scarcely be proceeding " conformably to the principles of trial by ejectment." If the rule were such as is contended for by appellant, if in ejectment one joint tenant or tenant in common could in all cases recover the whole premises without joining his fellows, there seems to be great reason why the rule should not apply to actions under our statute. Ejectment was a mere possessory remedy in effect; it settled nothing but the right of present possession; and only so far as it was necessary to determine this right was the question of title brought in issue. Our action is peculiarly one for the adjudication of the title; it settles nothing as to mere right of possession, only so far as that may be incidental to the title, and is conclusive in its effect.

Assuredly we have not incorporated in our jurisprudence a rule of practice, the effect of which would be to prolong litigation in many cases to the point where parties would be compelled to resort to a court of equity for a bill of peace to quiet and settle their titles. If the rule be as contended for, co-tenants may sue successively in separate actions, and thus for years harass adverse claimants with vexatious litigation, and we have gained little by dropping the fictions of the common law; for it cannot be said that the co-tenant would be estopped by the action of his fellow, to which he was in no sense a party.

WATTS, J. COM. APP.— Appellant brought this suit of trespass to try title to a third of a league of land, patented

to John Gaylor; alleging in her petition that he died on the 4th day of March, 1848, in Liberty county, Texas, and "that she is the only surviving legal heir of said John Gaylor, deceased, all of his children and grand-children having long since departed this life, except this plaintiff, who is an only grand-daughter to said John Gaylor, deceased, and that she is the only daughter now living of Mariah Pilcher, formerly Gaylor; and claims under her mother, who was the daughter of John Gaylor." She alleged that the appellees committed the trespass and made the illegal entry upon the land the 1st day of August, 1873.

On the 16th day of February, 1874, appellees answered by plea of not guilty, and afterwards appellee Hughes made suggestion of valuable improvement, etc.

On the 9th day of May, 1874, the appellees filed an amended answer, asserting title in themselves to the land; that they were innocent purchasers thereof, for value, and without notice of any adverse claim or title; and also that they had paid all the state and county taxes on said land, and that appellant had paid no taxes.

The case was tried the 17th day of November, 1874, and resulted in a verdict and judgment in favor of appellee.

The evidence adduced upon the trial tended to show that there was then living other of the heirs of John Gaylor, besides appellant. The court in effect charged the jury that if they believed that there was living other heirs of said John Gaylor, besides appellant, then to find against her. Appellant asked a counter charge, to the effect that a non-joinder of parties plaintiff must be pleaded, etc. And as there was no such plea in this case, if they believed from the evidence that John Gaylor, the grantee of the land, was dead, and that appellant was his heir at law, then to find for appellant. This was refused. The charge as given, and refusal to give the charge as asked, are assigned as error.

The question thus presented may be considered as the controlling one in the record for our determination; as the attorney for the appellee candidly admits in his brief, that, if the court erred in this particular, a reversal of the judgment must follow. And certainly this is true; for it matters not what deductions the jury might have drawn, or what conclusions they may have arrived at, from the evidence, as to the deceased John Gaylor being the grantee in the certificate and patent, and the appellant being his heir at law; provided the jury were satisfied that he had other living heirs besides her, not joined in the suit, then the charge precluded further inquiry.

It is assumed by counsel that the precise question presented by the record in this case has not heretofore been adjudicated by the supreme court. And admitting this to be true, we will be forced to an examination and consideration of the cases in which questions analogous and akin to this have been determined; and from them extract that which we may determine to be the true rule to be applied in this case.

Croft v. Rains, 10 Tex., 520, is where the plaintiff sued in trespass to try title to nine hundred acres of land, claiming to own the same. Pending the suit, there was a partition between himself and his co-tenant, in which his interest of six hundred and forty acres was segregated from the remaining two hundred and sixty acres. He then amended and set up that fact, and also that he had purchased the undivided six hundred and forty acre interest in the survey, long prior to the institution of the suit. The court, in discussing this view of the case, said: "Before partition between the plaintiff and his co-tenant in common, he might well maintain this action. His amended petition, filed after the partition, by which his interest was severed and set apart to him, charges the trespass to have been committed upon the land so set apart to the plaintiff. His right to recover, therefore, was not affected by the partition. The plaintiff's interest

was acquired, not by the act of partition, but by his purchase."

In the case of Watrous *v.* McGrew, 16 Tex., 511, Justice Wheeler, delivering the opinion of the court, remarked, "We have heretofore decided that one tenant in common may maintain an action of trespass to try title against a stranger."

The following language was used by the court in the case of Grassmeyer *v.* Beeson, 18 Tex., 766: "But if the partition had been invalid, still the decree without partition vested in the plaintiff an undivided interest in the land, and constituted him a tenant in common with the original grantee; and that was a sufficient title to enable him to maintain his action against this defendant. We have heretofore decided that one tenant in common may maintain trespass to try title against a stranger."

So, also, in the case of May *v.* Slade, 24 Tex., 207, the court held that "it is settled by the decisions of this court, that one tenant in common may maintain an action of trespass to try title without joining his co-tenant."

The present chief justice, in delivering the opinion of the court in Biencourt *v.* Parker, 27 Tex., 564, said: "Under the liberal practice which has been recognized in our judicial system, it cannot be said that a discontinuance or abandonment of his suit by one of the plaintiffs, in actions of this kind (trespass to try title), will abate the suit or preclude a recovery by the other plaintiff."

In the case of Hutchins *v.* Bacon, 46 Tex., 414, the court held that, "having sued under a general allegation of title in herself, it is not a variance if the evidence shows that she owns less than the whole or only an undivided interest."

The same doctrine is recognized by the court in Guilford *v.* Love, 49 Tex., 728, in the approval of a charge as follows: "So far as plaintiffs' right to recover in this action is concerned, it is immaterial as to whether they own

the land in controversy in severalty or as tenants in common with others not before the court. If they own the land in either capacity, they may maintain the action."

In Stovall *v.* Carmichael, 52 Tex., 389, Justice Gould, delivering the opinion of the court, said: "As against a trespasser, a tenant in common may recover the entire premises; and although the statutes, as recently revised, require the claimant of an undivided interest to state the same, and the amount thereof, the rule which prevailed at the time of the trial was, that the owner of an undivided interest might recover of a wrongdoer, although the petition failed to show that he was only part owner."

It was also held in that case, that where several plaintiffs sued as heirs, and some of them were barred, and others not, by reason of the adverse possession of defendants, those not barred were entitled to recover an undivided, though an indefinite, interest in the land.

All distinctions between the several tenancies known at common law have been destroyed by statute, and, for all practical purposes, are now in this state reduced to the same estate, namely, an estate in common, or part owners, unaffected by the technical rules of the common law. Ross *v.* Armstrong, 25 Tex. Sup., 354.

At the time of the trial of this case in the court below, the rule that a tenant in common, or "part owner"— that is, one having an undivided interest in land— could alone, without being joined by those interested with him, maintain trespass to try title against a stranger, trespasser or wrongdoer, although in his petition he claimed to own the entire tract, and did not therein disclose the interest of his co-tenants, was so conclusively settled, upon the authority of adjudicated cases and sound reasoning, as to admit of no doubt.

But it is claimed that, as appellant sued as the sole surviving heir of John Gaylor, deceased, that she must recover, if at all, in that capacity; and that if the evi-

dence discloses the fact that he had other living heirs, then the plaintiff could not recover under the allegations in her petition.   This is proceeding upon the doctrine of Jones *v.* Menard, 1 Tex., 777, and other cases to the same effect; that is, when a party pleads his title specially, he must prove it as pleaded.   That rule we fully recognize as well established, but as to its application to this case, we can not agree with appellees.   There is no doubt that when a party pleads for his title a grant, that he must prove a grant; in such case he could not prove and recover upon a location and survey or upon heirship; and if he pleads heirship, he cannot prove and recover upon a deed.   But when he pleads heirship, whether it be jointly with others or as sole heir, the real fact to be proved is heirship, the title pleaded is heirship, and that species of title he must prove to recover.   And this is the extent of the doctrine invoked.

This rule is a familiar one, founded upon the plainest principles of justice.   For when the plaintiff specially pleads his title, the defendant can only be expected or required to come prepared to meet the title so pleaded. And to hold in such case, for instance, when the plaintiff has pleaded a deed, that instead thereof he may prove and recover upon heirship, would be to convert the forms of procedure in the courts of justice into pit-falls to ensnare and ruin the unwary.   But the case before us is not one of that kind.   Here heirship is pleaded, and that is sought to be proved; and we have seen from the adjudicated cases, that if there were others interested with her as co-heirs, that she would be entitled to recover, without disclosing in her petition their interest, or therein limiting her own claim of title to her undivided interest.

Nor does this case come within the reason of the rule, for certainly it would not require a greater amount or different kind of evidence to defeat the plaintiff's claim of heirship than it would require to meet the combined claim of herself and the other supposed heirs.

We conclude that, under the allegations of sole heirship, provided the case was otherwise established by the evidence, the plaintiff would have been entitled to recover, notwithstanding the evidence might have shown that there were other living heirs not parties to the suit; provided, however, that if, as to her, the defendants occupied with reference to the land the attitude of strangers, trespassers or wrongdoers.

The term "stranger," as here used, means one who claims by title other than that asserted by the plaintiff; or, more strictly speaking, one who, in deraigning title, does not in any way connect himself with that asserted by the plaintiff.

A trespasser or wrongdoer is one who, not having the title to land, without the consent of the true owner, makes entry thereon.

This requires us to examine and determine the position the parties occupy towards each other with respect to the land in controversy.

The plaintiff claims title to the land as heir of a John Gaylor who died in Liberty county, Texas, in 1848; the defendants claim the title thereto from a John Gaylor who was living in Washington county in 1870, and who conveyed the land to the defendant Kirk in January of that year.

From this it will be seen that if, as claimed by the plaintiff, the certificate located upon the land, and the patent therefor, was issued to the John Gaylor who died in Liberty county in 1848, then it is clear that the defendants, in the assertion of title to the land, in no way connect themselves with that asserted by the plaintiff. And if the plaintiff's claim is in this respect true, then it follows that the defendants, by reason of the title asserted by them, have not the shadow of right or title to the land; and as to the plaintiff, if she be an heir as claimed, the defendants would be trespassers and wrongdoers.

So, on the other hand, if, as claimed by defendants, the certificate and patent were issued to the John Gaylor who was living in Washington county in 1870, it is equally clear that the plaintiff would not have any right or title whatever to the land.

The pivoting issue between the parties is as to which of these John Gaylors the certificate and patent was in truth issued. For if the same was not issued to the John Gaylor of Liberty county, as claimed by the plaintiff, the fact that the deed to Kirk was a forgery would give her no right whatever to recover the land.

The other errors complained of are such as will not likely occur upon another trial, and need not be discussed.

It is our opinion that the court erred in the charge to the jury, and in refusing to give the charge asked by appellant, as indicated by the views expressed in this opinion.

In view of another trial in the court below, the attention of the parties is called to the Revised Statutes, art. 4786, and the latter portion of the opinion in the case of Stovall v. Carmichael, 52 Tex., 390, 391.

Our conclusion is, that the proper disposition of this appeal is to reverse the judgment of the court below and remand the case.

REVERSED AND REMANDED.

[Opinion delivered May 6, 1881.]