CLAUSS et al. v. PALMER UNION OIL CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1915.)

No. 2428.

COURTS ☞278—JURISDICTION—DIVERSITY OF CITIZENSHIP—INTERVENERS.

Where a suit was instituted by a resident of Ohio, on behalf of himself and all other persons similarly situated, against certain California corporations and their directors, who were citizens of California or Oregon, to set aside for fraud a conveyance of the property of the corporation, in which complainant was a stockholder, and thereafter numerous other stockholders, 12 of whom were citizens of California, intervened as cocomplainants, and filed bills identical with the bill of the original complainant, the federal court no longer has jurisdiction, and a motion to vacate a decree dismissing the suit was properly denied.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 819; Dec. Dig. ☞278.

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; M. T. Dooling, Judge.

Suit by Andrew Clauss and others against the Palmer Union Oil Company and others. From an order denying a motion to vacate a

decree dismissing the suit, and for leave to file an amended bill, complainants appeal. Affirmed.

See, also, 213 Fed. 286.

John E. Bennett and Jesse Olney, both of San Francisco, Cal., for appellants.

Gavin McNab, of San Francisco, Cal., for Anglo-California Trust Co.

Luther Elkins, of San Francisco, Cal. for George I. Stewart and Gavin McNab.

Gavin McNab, B. M. Aikins, R. P. Henshall, Robert R. Moody, and Nat Schmulowitz, all of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was brought in the court below by the appellant Andrew Clauss alone, but who the defendants thereto were does not appear, since the original bill is not in the record. The amended bill, however, is, and in that Clauss, a resident and citizen of the state of Ohio, was still the sole complainant, suing, as therein alleged, "on behalf of himself and all other persons similarly situated, and for the use and benefit of the Palmer Oil Company," against Palmer Union Oil Company, a corporation of the state of California, the Anglo-California Trust Company, a corporation of the same state, and Frank L. Brown, Lewis A. Hilborn, George L. Walker, Charles E. Ladd, Gavin McNab, H. C. Stratton, and George I. Stewart, as directors of the Palmer Union Oil Company, and also individually, all alleged to be citizens of the state of California, except Ladd, who is therein alleged to be a citizen and resident of the state of Oregon, and also against the same named individuals "as directors of said Palmer Oil Company, * * * or trustees thereof, if said corporation be defunct, also against the several parties in their individual capacities."

The amended bill alleges that on or about October 21, 1911, the Palmer Oil Company was a California corporation capitalized at 2,-000,000 shares of capital stock of the par value of $1 each, all of which was issued, and of which the complainant Clauss was the owner of 1,000 shares. The purpose of the suit was the annulling, on the ground of alleged fraud and conspiracy on the part of the directors of the Palmer Oil Company and the Palmer Union Oil Company, of a conveyance made by the former company to the latter of all of its property, which is alleged to be of the value of $2,500,000, and to recover from the directors the value of the property so transferred, and to recover the consideration for such transfer from the transferee —the bill alleging the various acts relied upon as showing the fraud and conspiracy to the wrong and injury of the minority stockholders.

The amended bill was filed November 15, 1913, and on the 25th of the same month the Palmer Union Oil Company filed a motion in the court below for the dismissal of the amended bill upon various grounds, as did the defendant Anglo-California Trust Company and the individual defendants. Those motions were pending and undetermined when, on the 19th day of January, 1914, the clerk of the

court below, upon application of the solicitors for the complainant, entered an order that the amended bill of complaint "be and the same hereby is taken pro confesso against" the various defendants, which order was subsequently and on January 21, 1914, vacated by the court as to each and all of the defendants, on motion, and subsequently, to wit, on the 4th day of March, 1914, the court below granted a motion that had been made for the dismissal of the suit, and that had been argued on behalf of the respective parties; the order of dismissal being duly entered. Thereafter, to wit, on the 10th day of March, 1914, the solicitors for the complainants filed a motion, containing, among other things, the following:

"That said decree dismissing said amended bill of complaint, dated the 4th day of March, 1914, be vacated and set aside and held for naught. That plaintiff above named further moves this honorable court that he may be at liberty to amend his said amended bill of complaint in the following particulars:

"First. That said amended bill of complaint be dismissed without prejudice as to the following defendants, viz.: Anglo-California Trust Company, a corporation, Frank L. Brown, J. C. Kemp Van Ee, Lewis A. Hilborn, George L. Walker, Charles E. Ladd, H. C. Stratton, Gavin McNab, and George I. Stewart, as individuals and as directors either of said Palmer Union Oil Company or as directors of said Palmer Oil Company.

"Second. That there be stricken from the first prayer of said amended bill of complaint the last line thereof, which reads as follows: 'Or to a receiver, if such receiver be appointed as hereinafter prayed.'

"Third. That the prayers for relief contained in said amended bill of complaint numbered 3, 5, 6, and 7 be stricken out.

"Fourth. That so much of said amended bill of complaint beginning with the words 'California, having its principal place of business at Sisquoc,' etc., at line 30, page 1, of said amended bill of complaint, and ending with the word 'capacities,' at line 14, on page 2, of said amended bill, be stricken out, and that there be inserted in lieu thereof the following: 'California, having its principal place of business in the city and county of San Francisco, state of California, and Frank L. Brown, J. C. Kemp Van Ee, Lewis A. Hilborn, H. C. Stratton, and Charles E. Ladd, in so far as they claim to be, or may be found to be, trustees of said Palmer Oil Company, the said Frank L. Brown, J. C. Kemp Van Ee, Lewis A. Hilborn, H. C. Stratton, and Charles E. Ladd, claiming that said Palmer Oil Company has been dissolved and no longer exists as a corporation. Complainant alleges on information and belief that there are no creditors existing of said Palmer Oil Company.'

"Fifth. That the title of this cause in said amended bill of complaint be amended to read as follows: Andrew Clauss, Plaintiff, v. Palmer Union Oil Company, a Corporation, Frank L. Brown, Lewis A. Hilborn, George L. Walker, Charles E. Ladd, Gavin McNab, H. C. Stratton, and George I. Stewart, as Directors of Said Palmer Union Oil Company, and in Their Respective and Individual Capacities, Frank L. Brown, J. C. Kemp Van Ee, Lewis A. Hilborn, H. C. Stratton, and Charles E. Ladd, as Directors of Palmer Oil Company, a Corporation, and in Their Respective Individual Capacities, Anglo-California Trust Company, a Corporation, First Doe, Second Doe, Third Doe, Fourth Doe, Fifth Doe, Sixth Doe, Seventh Doe, Eighth Doe, Ninth Doe, Tenth Doe, Palmer Oil Company, a Corporation, Defendants.

"Sixth. And complainant prays for such further and other relief as to the Court may seem meet and equitable"

—which motion was denied by the court below by order entered April 3, 1914. While the record does not contain any petition in intervention in the suit, it does show, both by the petition for and allowance of an appeal, by the assignments of error on the appeal, by the order allowing the appeal, by the docket of the court below, which is print-

ed in the record, and by the opinion of the court also appearing therein, that various named persons did intervene and become co-complainants, and did become and are coappellants. In the order of the court denying the motion to vacate the order dismissing the suit it is said:

"The relief sought is the setting aside, on the ground of fraud, of a transfer made by the corporation of property stated to be worth $2,500,000; the plaintiff averring that the action is brought on behalf of himself and all others similarly situated. After the filing of said bill, a petition was presented by the attorneys for plaintiff on behalf of 15 other stockholders of said Palmer Oil Company asking leave to intervene, and such leave having been granted by the court, said attorneys filed a bill of intervention by said 15 stockholders identical in all essential particulars with the original complaint. In this bill of intervention 12 of the plaintiffs, owning 125,567 shares, are citizens of California, and 3, owning 3,500 shares, are citizens of other states. So that, if the present motion were granted, we would have a situation with 4 plaintiffs, citizens of other states, owning in all 4,500 shares, and 12 plaintiffs, citizens of California, owning 125,567 shares, all in this court clinging to the complaint of a single stockholder, resident of Ohio, owning but 1,000 shares, and all represented by the attorneys of the original plaintiff. Under these circumstances, aside from the fact that the proposed amendments are for the most part amendments to the prayer of the original bill, and not amendments to the bill itself, the motion to amend will be denied; and it is so ordered."

We are of the opinion that the court below was right in dismissing the suit, for the reason that it was not one properly cognizable by the federal courts. Quincy v. Steel, 120 U. S. 241, 7 Sup. Ct. 520, 30 L. Ed. 624, and authorities there cited.

The judgment is affirmed.