**GADDIS et al. v. JUNKER et al.**

District Court, E. D. Texas, Beaumont Division. June 21, 1928.

No. 943.

1. **Courts** ⊜⊃313—That diversity of citizenship existed as between plaintiffs and defendants held not to give federal court jurisdiction to determine claims of interveners against both.

That required diversity of citzenship existed as between plaintiffs and defendants to give federal court jurisdiction of suit in trespass to try title *held* not sufficient to give federal court jurisdiction to determine claims of interveners, who were residents of same state as defendants, against both plaintiffs and defendants.

2. **Courts** ⊜⊃317—As respects federal court's jurisdiction for diversity of citizenship, it must fix parties' real status in accordance with their interest.

Where by co-operation or prearrangement the real parties at interest are manifest, it is duty of court to fix their status in accordance with their interests, for purpose of determining whether it has jurisdiction on ground of diversity of citizenship.

3. **Courts** ⊜⊃313—Federal court had no jurisdiction to determine claims of interveners, residents of same state as defendants, claiming as cotenants with, and co-operating with plaintiffs.

That required diversity of citizenship existed as between plaintiffs and defendants to give federal court jurisdiction of suit in trespass to try title *held* not to give court jurisdiction to adjudicate claims of interveners, residing in same state as defendants and who claimed co-tenancy with plaintiffs, adopted plaintiffs' pleadings, and were co-operating with them, and joined as interveners solely to confer jurisdiction on federal court.

4. **Trespass to try title** ⊜⊃47(1)—Judgment in trespass to try title must define interests of plaintiffs and each intervener.

Judgment in suit in trespass to try title in which various claimants intervened must define interest in land not only of plaintiffs, but also of each intervener, since suit is not merely a possessory action, but is one to recover interest of each of groups involved in litigation.

5. **Courts** ⊜⊃313—Intervention by claimants of same state as defendants with plaintiffs' consent held to destroy requisite diversity of citizenship to give federal court jurisdiction.

Where required diversity of citizenship existed between plaintiffs and defendants to give federal court jurisdiction of trespass to try title suit, plaintiffs' consent to intervention of residents of same state as defendants, who cooperated in the action with plaintiffs, *held* to destroy requisite diversity of citizenship and court's jurisdiction to dispose of case at all.

At Law. Action by Lela Gaddis and others against Guy W. Junker and others, in which John H. Brooks and others intervened. Case dismissed for want of jurisdiction.

E. E. Easterling, of Beaumont, Tex., for plaintiffs.

Chas. A. Lord, F. J. & C. T. Duff, Orgain & Carroll, and W. G. Reeves, all of Beaumont, Tex., for defendants.

John H. Broocks, of Beaumont, Tex., for interveners Green and others.

W. D. Gordon, of Beaumont, Tex., for interveners Andrus and others.

ESTES, District Judge. This is a suit, in the form of trespass to try title, to recover an undivided interest amounting to 625 acres of land out of a larger tract containing about 1,392 acres, which larger tract is described by metes and bounds in the petition. Jurisdiction is based on diversity of citizenship; the plaintiffs being citizens of states other than Texas and the defendants residing here. The plaintiffs allege that they hold the title to the 625 acres referred to as tenants in common. They ask that "their rights be fixed and established as herein alleged, and that they have their writ or writs of possession in such form and to such extent as they may be entitled to for said interest," and for damages.

Permission was given, without objection by the plaintiffs, for certain other parties to intervene in the suit. One group of these interveners, practically all of whom are residents of Texas, are represented herein by Mr. John H. Broocks. They allege that they own "in cotenancy with the original plaintiffs in this suit an interest in common with the said plaintiffs in the land described in the plaintiffs' original petition," and adopt the pleadings of the plaintiffs. They pray for the relief asked by the plaintiffs "as to the interest claimed and owned by these interveners."

Another group, who are represented by Mr. W. D. Gordon, are also in part residents of Texas. They allege that they are the owners, "as tenants in common, of the 625 acres of land, being an undivided interest in and to the tract of land hereinafter particularly described and involved in this suit between the original parties aforesaid," and that the plaintiffs and the original defendants and the other interveners have ejected them therefrom. The relief asked by them is that they be "awarded judgment for the title and possession of the land herein sued for as against all other parties to this suit, that their rights be fixed and established as herein alleged, and that they have their writ or writs of possession in such form and to such extent as they may be entitled to for said interest," and for damages.

The defendants have filed, in response to all these pleadings, a plea in abatement, in which the jurisdiction of the court is challenged upon grounds set forth in detail in the plea, but which, in general terms, are to the effect, first, that the plaintiffs and interveners are co-operating in this suit and are all in fact within the classification of plaintiffs, and that when so regarded the requisite diversity of citizenship does not exist; second, that the plaintiffs and the group of interveners represented by John H. Broocks are, if interested in the land at all, joint tenants, and that any judgment in their favor would have to be a joint judgment, no relief being asked by the said interveners against the plaintiffs, and that therefore the suit as to them does not show diversity of citizenship; and, third, that prior to the institution of this litigation a suit was begun in the state court by the defendants herein against the interveners represented by Mr. Broocks for the recovery of the land in question, and that by reason of such fact the state court acquired, as to those parties, exclusive jurisdiction of the subject-matter herein, thus depriving this court of jurisdiction to proceed further with it.

The position of the plaintiffs, as regards the jurisdictional question, is that the interest claimed by them constitutes "the estate of Mary Green, which the plaintiffs alone, as cotenants, could recover against the defendants," who are alleged, under the circumstances, to be in the attitude of strangers to that interest. The point is that, since the plaintiffs alone could recover all of such interest for the benefit of themselves and their cotenants against a stranger to the title, the intervention of their cotenants imports no new cause of action into the case, and becomes in the nature of an ancillary proceeding to a suit, the jurisdiction to determine which has been acquired by this court.

Some evidence was introduced in connection with the plea, from which it appears that the real controversy has to do with the ownership of an undivided interest in this tract of 1,392 acres, which belonged at one time to Mary Green's father, the common source from which all the parties claim. The plaintiffs and the interveners represented by Mr. Broocks are asserting the ownership, as heirs of Mary Green, of the portion of the said land inherited by her from her father. The defendants claim to have acquired the Mary Green interest, together with the interest of the other heirs of her father. I do not recall that the source of the title asserted by the interveners represented by Mr. Gordon was shown, beyond the fact that their claim is hos-

tile to all the other parties to the proceeding, although they may be co-operating with the plaintiffs for the purposes of this suit. It is apparent, I think, that the plaintiffs and what I would term the Broocks interveners are co-operating. They claim a joint interest in the property, and are in the rôles of plaintiff and intervener, respectively, in order to confer jurisdiction, if practicable, on this court—an effort entirely within their rights.

[1] The intervention of the parties represented by Mr. Gordon is in effect a suit against the original parties herein and the Broocks group of interveners—a suit against all other claimants. Since there are residents of Texas among those interveners, this court is, I think, obviously without jurisdiction to hear the matters they present. The mere fact that jurisdiction may have been acquired, as between the plaintiffs and the defendants, to determine their interest in this property, would not be sufficient to give this court the right to determine the claims of those interveners against them both. A judgment in favor of either the plaintiffs or the defendants in this case would not, if the said interveners were not parties to it, conclude their interest. So, without regard to other reasons that are urged, this court, in my opinion, is clearly without jurisdiction to determine the controversy, in so far as their interest is concerned.

[2, 3] With respect to the Broocks interveners, I think the authorities establish that where, by co-operation or prearrangement, the real parties at interest are manifest, it is the duty of the court to distribute them, or rather, fix their status in accordance with their interest. 3 Foster's Federal Practice, p. 2897; Removal Cases, 100 U. S. 469, 25 L. Ed. 593. That proposition, applied here, would mean that the court should put both the plaintiffs and the Broocks interveners in the same category—that of plaintiffs. Thus arranged, it becomes manifest that as to that phase of the case, the requisite diversity of citizenship between the parties does not exist. The court would therefore have no jurisdiction to determine it, unless it be that, under all the conditions, the case comes within the rule that permits a court having jurisdiction of the res to determine the interest of others claiming a portion of it.

[4] The analysis heretofore made of the pleadings discloses that each group of interveners are asking for separate relief. The prayer of the plaintiff and of both interveners, as before stated, is that the rights of the parties be fixed and established. It is not a mere possessory action. It is a suit for the

recovery of the interest of each of the groups involved in the litigation. It could not be otherwise. "Our statute requires that, if the plaintiff in an action for trespass to try title, sue for an undivided interest, he shall set out in his petition 'the amount' of the interest claimed by him. * * * It has been ruled that he may recover a less interest than that alleged. But he should establish his title to the interest sued for, or to some less interest, definite in its extent. He cannot recover by proving that he owns some undivided portion of the land, without establishing what that portion is. The judgment ought to determine the rights of the parties. It would be a manifest injustice to persons in possession of land, owning an undivided interest therein, to admit a plaintiff into joint possession with them, as a cotenant, without determining in the judgment the extent of his interest." Baldwin v. Goldfrank, 88 Tex. 261, 31 S. W. 1064.

So the judgment in this case would have to define the interest in the land, not only of the plaintiffs, but also of each intervener. All of the parties derive title from the same source—from the ancestor of Mary Green. Mary Green and the other heirs of her father jointly inherited the property, and were therefore cotenants or co-owners of the entire tract. Those claiming under them are in just the same status. In that state of affairs, neither the plaintiffs nor any of the interveners could recover anything more than their own interest. Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S. W. 920; Baldwin v. Goldfrank, supra; Davidson v. Wallingford, 88 Tex. 619, 32 S. W. 1030; Pilcher v. Kirk, 55 Tex. 212.

Under this principle, it is obvious that the plaintiffs could not recover in this suit the interest that may be shown to belong to the Broocks group of interveners. In other words, in a trial of the case between the plaintiffs and the defendants, the issues respecting the interest of that group would not be involved at all. Under the rules of practice and procedure, they may be said to be proper parties to the suit. But it would be an independent affair, and one that could not be determined here, unless the necessary status of the parties, as regards citizenship, were shown. This is equally true respecting the case of the interveners represented by Mr. Gordon. This court has no jurisdiction to try that case, for the contending parties reside in this state.

[5] This would leave the case between the plaintiffs and defendants alone. The interveners are in the case by the consent of the

plaintiffs. Their pleadings and contentions, not to speak of their co-operation, put them in the category of plaintiffs. The result is that the requisite diversity of citizenship between the parties to the suit does not exist, and that therefore the court is without jurisdiction to dispose of the case at all. Forest Oil Co. v. Crawford (C. C. A.) 101 F. 849; Kromer v. Everett Co. (C. C.) 110 F. 22; Clauss v. Palmer Oil Co. (C. C. A.) 222 F. 870; Kendrick v. Kendrick (C. C. A.) 16 F.(2d) 744.

This makes it unnecessary to discuss the other questions presented by the plea and the other propositions that have been urged in the briefs. For the reasons stated, I think the case should be dismissed for want of jurisdiction; and it is so ordered.