## AIKEN et al. v. CORNELL et al.

### No. 7954.

Circuit Court of Appeals, Fifth Circuit.

June 8, 1937.

See, also, Seeley v. Cornell, 6 F.Supp. 241.

Harvey Harris, of Wichita Falls, Tex., for appellants.

A. H. Culwell, J. H. McBroom, and Frank B. Clayton, all of El Paso, Tex., H. E. Jackson, Scott Snodgrass, and Chas. Gibbs, all of San Angelo, Tex., Chas. A. Holden and Walter L. Kimmel, both of Tulsa, Okl., Ed. M. Whitaker, of Midland, Tex., and Francis H. De Groat, of Duluth, Minn., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

568

HUTCHESON, Circuit Judge.

Appellants, all citizens of Texas, are brothers and sisters, nieces and nephews of complainants—appellants in Seeley et al. v. Cornell et al., 90 F.(2d) 562, No. 8336 on the docket of this court, this day decided. They, on January 26, 1935, after its reversal on the first appeal, prayed and were granted leave to intervene in that cause. Upon allegations as to each of them substantially the same as those the original bill had made, each intervenor sought to charge defendants as trustees for his use and benefit, and to obtain an accounting as to the undivided interest he claimed.

All of the defendants objecting that the court was without jurisdiction of the interventions because in effect independent suits without the requisite diversity of citizenship, and that to allow them would be to permit an unreasonable joinder of claims separate and distinct from the subject matter of the original action, the order was on May 29 vacated and set aside as improperly and improvidently granted, and the interventions were dismissed from the cause.

From this order intervenors at once appealed, and on November 8, 1935, filed a transcript of record, containing complainants' bill, their own petitions to intervene and pleas in intervention, defendants' oppositions, the order granting leave to intervene, and the opinion and order of the court vacating that order as improperly granted and dismissing the interventions. After the interventions had been dismissed a master was on, to wit, May 29, 1935, appointed in the cause. Voluminous testimony was thereafter taken on the issues joined between complainants and defendants. A decree was entered on July 17, 1936, the appeal was perfected, and on January 28, 1937, the record was filed in this court.

The two appeals were heard together. In this cause upon the authority of Elder v. Western Mining Co. (C.C.A.) 280 F. 569, appellants ask us to grant them leave now to intervene in No. 8336 on the record as made in it, thus in effect vacating the order of dismissal and reinstating the interventions as in the cause from the beginning.

■ The permitting or denying of interventions in a cause where, as here, the proceeding is not a class suit, but the complainants are merely suing to establish their individual interests, and there is no res in the custody of the court to be finally disposed of by the decree, rests wholly in the discretion of the trial court, and such an order is ordinarily not appealable. Lupfer v. Carlton (C.C.A.) 64 F.(2d) 272; Burrow v. Citizens' State Bank (C.C.A.) 74 F.(2d) 929; San Antonio Utilities League v. Southwestern Bell Tel. Co. (C.C.A.) 86 F.(2d) 584; Long v. Stites (C.C.A.) 63 F.(2d) 855.

■ In this case it was made to appear, in the plainest kind of way, indeed, that was the holding on the former appeal, that complainants were not suing to have a fund or res administered; they were merely suing individually to establish their individual rights to an accounting for their individual shares, and to have defendants declared trustees as to each of them for the undivided interest she claimed. To have allowed residents of Texas to intervene in the suit to establish their own individual and undivided interest would have been in effect to permit them to bring an independent suit in the federal court, though both they and the defendants are citizens of Texas. Kendrick v. Kendrick (C.C.A.) 16 F.(2d) 744; Gaddis v. Junker (D.C.) 27 F.(2d) 156, 158. Besides, there was no abuse of discretion in disallowing the interventions upon the finding the court made that it would unduly complicate and vex the issues to be tried by bringing into the suit other persons having individual interests not at all affected by the claims advanced nor the decree to be entered on it. Chandler & Price Co. v. Brandtjen, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39.

Whether then, the order appealed from be treated as an order denying leave to intervene, and therefore not appealable, or as one dismissing the interventions and therefore appealable, Ruff v. Gay (C.C.A.) 67 F.(2d) 684, the result as to intervenors is the same.

We think, however, that the order, though entered after leave had been granted, should be properly treated as in effect an order denying leave to intervene, and therefore not appealable, and that the appeal should be dismissed, and it will be so ordered.

Appeal dismissed.