**GLOVER et al. v. McFADDIN et al.**

**Civ. A. No. 1511.**

United States District Court
E. D. Texas, Beaumont Division.

Nov. 10, 1948.

E. Garland Brown and D. B. Chapin, both of Corpus Christi, Tex., M. Herbert Oldham, of Beaumont, Tex., Herman R. Parker, C. Howard Bozeman, and Francke Sandford, all of Knoxville, Tenn., for plaintiffs.

George A. Weller, Samuel C. Lipscomb, Beeman Strong, Will E. Orgain a n d Charles F. Heidrick, all of Beaumont, Tex., Walace Hawkins and Earl A. Brown, both of Dallas, Tex., J. L. Lockett, Baker, Botts, Andrews & Parish and Vinson, Elkins, Weems & Francis, all of Houston, Tex., for defendants.

Mack Taylor, of Fort Worth, Tex., Fred B. Fraizer, of Chattanooga, Tenn., and York, Hardy & Clapp, of Tyler, Tex., for intervenors.

KENNERLY, District Judge.

This suit involves the Pelham Humphries Survey in Jefferson County, Texas, in this District and Division. Plaintiffs in their Amended Complaint filed July 28, 1948, allege that they are some of the heirs at law of William Humphries, deceased, Betsy Jane Humphries Foust, deceased, and Elisha V. Humphries, Jr., deceased, who Plaintiffs say were the sole heirs at law of Pelham Humphries, the original grantee of such tract of land. They also say that Defendants claim under one Jesse Humphries, a son of Elisha V. Humphries, Jr., and that, therefore, Plaintiffs and Defendants are tenants in common of such tract of land.

Plaintiffs seek to recover, not only for themselves but for a very large number of other tenants in common, i. e., heirs of said Pelham Humphries similarly situated, title and possession of such land, for an accounting for minerals taken or being taken therefrom, and for damages in the sum of Five Hundred Million Dollars, etc.

■ 1:– By Motion filed October 1, 1948 (First Ground), Defendants move to dismiss on the ground that under the Law of Texas, Plaintiffs as tenants in common may not recover from Defendants as tenants in common for the benefit of tenants in common not parties to the suit the value of minerals taken from a tract of land jointly owned, i .e., that Plaintiffs may only recover for themselves the value of minerals taken and then only if they allege that Defendants have refused them joint occupancy.

For many years the rule in Texas has supported this view. Boone v. Knox, 80 Tex. 642, 16 S.W. 448, 26 Am.St. Rep. 767; Bennett v. Virginia Ranch, Land & Cattle Co., 1 Tex.Civ.App. 321, 21 S.W. 126; Hicks v. Southwestern Settlement & Development Corp., Tex.Civ.App., 188 S.W. 2d 915; Neil v. Shackelford, 45 Tex. 119; Osborn v. Osborn, 62 Tex. 495; Akin v. Jefferson, 65 Tex. 137, 142.

■ 2:– Defendants have also moved to dismiss on the ground that since Plaintiffs and Defendants are alleged to be tenants in common, Plaintiffs may not recover for other tenants in common not parties to the suit the land itself, i. e., Plaintiffs may only recover Plaintiffs' interest in the land.

This has long been the rule in Texas. Boone v. Knox, supra.

■ 3:– But Plaintiffs say in reply that under Federal Rules of Civil Procedure, rule 23, 28 U.S.C.A., they may prose-

cute this suit and recover as alleged in their Complaint, because it is a class suit. It is settled that the rule of law laid down in the cases cited is the substantive law of Texas, and I do not think that Rule 23, which is wholly procedural, has the effect of changing such substantive law.

4:– In Defendants' Second and Third Grounds of the Motion to Dismiss, they say that Plaintiffs' case should be dismissed, because there are a large number of persons who Plaintiffs say are tenants in common of Plaintiffs and Defendants and for whom the suit is brought and whose names and places of residence Plaintiffs do not give, although Defendants say Plaintiffs know the names and places of residence of such persons. Defendants say that they cannot prepare the case for trial without knowing the names and places of residence of such persons. I do not construe Rule of Civil Procedure No. 23 as requiring that the Court dismiss a class suit because Plaintiff does not give the names and places of residence of persons for whose benefit the suit is brought, but considering the second and third grounds of Defendants' Motion as a Motion for More Definite Statement under Amended Rule 12(e), I think that Plaintiffs should be required to amend and give the names and places of residence of all of such persons insofar as they are known to Plaintiffs.

5:– From what has been said, it follows that Defendants' Motions should be sustained to the extent that:–

(a) Plaintiffs shall not recover against Defendants for tenants in common not parties to the suit the interest of such tenants in common in the land and for the value of the minerals taken and damages, but that Plaintiffs shall only recover their interest in the land, if any, and their interest in such damages, if any.

(b) Plaintiffs should amend, naming such other tenants in common and giving their places of residence.

Let Order be prepared and presented in accordance herewith.