**GLOVER et al. v. McFADDIN et al.**

**Civ. A. No. 1511.**

United States District Court
E. D. Texas, Beaumont Division.

April 23, 1951.

Herman R. Parker, C. Howard Bozeman, Francke Sandford and Hugh C. Simpson, all of Knoxville, Tenn., E. Garland Brown, Corpus Christi, Tex., M. Herbert Oldham, Beaumont, Tex., for plaintiff.

George A. Weller, Beaumont, Tex., for Mrs. McFaddin, Mrs. Houck, Perry McFaddin, Caldwell McFaddin and Unity Oil Co.

Walace Hawkins, Dallas, Tex., Samuel C. Lipscomb, Beaumont, Tex., for Magnolia Petroleum Co.

Beeman Strong, Beaumont, Tex., for Stanolind Purchasing Co.

Walter C. Clemons and Manro Oberwetter, Houston, Tex., Will E. Orgain, Beaumont, Tex., for Gulf Oil Corporation.

Will E. Orgain, Beaumont, Tex., for Gulf Refining Co., Gulf States Utilities Co. and Kansas City Southern Ry. Co.

Joiner Cartwright, Charles F. Heidrick and Jack C. Hardy, all of Beaumont, Tex., for Sun Oil Co. and Sun Pipe Line Co.

Baker, Botts, Andrews & Parish, Houston, Tex., for Texas & New Orleans R. Co.

Vinson, Elkins, Weems & Francis and J. L. Lockett, all of Houston, Tex., for Reconstruction Finance Corp.

Fred B. Frazier, Chattanooga, Tenn., Mack Taylor, Ft. Worth, Tex., Joe H.

Jones, Dallas, Tex., for Lynn Magill and Fred M. McSpadden.

York, Hardy & Clapp, Tyler, Tex., for Mrs. Louise H. Taylor and another.

D. B. Chapin, Corpus Christi, Tex., for Charles E. English and others.

CONNALLY, District Judge.

This suit involves the title to one of the oldest and most prolific of the oil fields of this State. Presently there are approximately 1,000 parties who appear as plaintiffs or intervenors, and about 20 defendants. Diversity of citizenship is the only grounds of federal jurisdiction alleged in the pleadings, and the matter is now before me on the motion of the defendants to dismiss the action in its entirety, and alternatively to dismiss the various interventions, for want of diversity. Due to the large number of parties and the various claims advanced by different groups of intervenors, the issues are complex, and a statement of the case requires a rather detailed recitation of the proceedings to date.

The action was initiated by the complaint of 3 individuals as a spurious class suit under Rule 23(a), Fed. Rules Civ.Proc. 28 U.S.C.A., on behalf of themselves and some 2500 others, alleged to be the collateral kin of Pelham Humphries, the original patentee of the Pelham Humphries league in Jefferson County, Texas. The allegations were that the league of land was patented to Pelham Humphries by the Mexican State of Coahuila and. Texas on February 14, 1835; that Pelham Humphries died September 5, 1835, intestate, single and without issue, survived by a brother, William Humphries, a sister, Betsy Jane Humphries Foust, and a half-brother, Elisha V. Humphries, Jr.; that during their entire lives William, Betsy Jane and Elisha resided in the State of Tennessee and were not aware of their inheritance on the death of their brother Pelham; that as a result of a fraudulent conspiracy by strangers to the title, after the death of Pelham Humphries the name "Pelham" was stricken and replaced by the name "William" in the original title papers, and likewise a forged and fraudulent power of attorney from William Humphries to one

William English · was prepared, under which the title ostensibly was conveyed to others; that title actually has reposed during all of the intervening years in the descendants of William Humphries, Betsy Jane Humphries Foust and Elisha V. Humphries, Jr. It is further alleged that the defendants, who are in possession of the property, have purchased from some of such collateral kin of the original patentee and hence that the plaintiffs and defendants are tenants in common. The plaintiffs pray for title and possession, an accounting of the oil extracted therefrom, appointment of a receiver to take possession of the land, the refineries and other improvements thereon, and for damages.

The original petition names some 20 individual and corporate defendants. While the states of their citizenship are not alleged with particularity, from subsequent pleadings and admissions it seems undisputed that the defendants are all citizens of the State of Texas except Sun Oil Company, a citizen of New Jersey, Stanolind Oil Purchasing Company, a citizen of Delaware, Gulf Oil Corporation, a citizen of Pennsylvania, Gulf Refining Company, a citizen of Delaware, and Mrs. L. A. Houck, a citizen of California. The Reconstruction Finance Corporation and Defense Plant Corporation, created by Acts of Congress, likewise were named as defendants.

The defendants answered denying the allegations, attacking the plaintiffs' right to maintain the action and the jurisdiction of the Court. In ruling thereon Chief Judge Kennerly of the Southern District of Texas, in an opinion reported 81 F.Supp. 426, held that, it being alleged that the plaintiffs and defendants were tenants in common, under the substantive law of Texas each party plaintiff might recover only his own interest, if any, in the land and minerals, and that the three named plaintiffs might not recover on behalf of other tenants in common not parties to the suit; and hence, despite the fact that procedurally the action fell within the terms of Rule 23, it might not be maintained as a class suit.

Thereafter the plaintiffs filed an amended petition wherein they are joined by some 400 to 500 other individuals, citizens of Tennessee, South Carolina, California, Pennsylvania and Kentucky, alleging that these plaintiffs are the only heirs of Pelham Humphries other than those whose fractional interest the defendants own. No mention is made of the additional 2,000 referred to in the original complaint. The other allegations and prayer conform substantially to those of the original complaint. There is no allegation of the fractional interest claimed by each plaintiff, or that the value of the amount claimed by each is in excess of $3,000.

Since institution of the suit some 22 groups have sought leave to intervene. They assert varying and conflicting claims. At the time of each intervention, the Clerk was directed to file the pleading and leave to intervene was granted "subject to all legal objection", by which was meant that counsel might appear and participate in the pre-trial hearings, but if objection were made to the intervention, the propriety of granting leave would be inquired into. The time has come to make such inquiry. Many of the intervenors are citizens of the same states as the plaintiffs, other intervenors of the same states as the defendants. The defendants move to dismiss by reason of want of diversity between the plaintiffs and themselves; they contend that the claims of the various intervenors must be determined, and then such parties realigned according to their interest; that by reason of their community of interest, cooperation, collusion and consent, many intervenors must be placed in the camp of the plaintiffs, which further destroys diversity, relying on such cases as Forest Oil Co. v. Crawford, 3 Cir., 101 F. 849; Kendrick v. Kendrick, 5 Cir., 16 F.2d 744; Gaddis v. Junker, D.C., 27 F.2d 156; and Johnson v. Riverland Levee Dist., 8 Cir., 117 F.2d 711, 134 A.L.R. 326.

At the outset it is perfectly apparent that the action cannot be maintained at all in its present state. Among the several hundred plaintiffs who appear by first amended petition I find many citizens of California and Pennsylvania. The defendant Mrs. L. A. Houck is a citizen of California, and the defendant Gulf Oil Corporation is a citizen of Pennsylvania. The complete diversity required between the original parties is wanting. Moore's Commentaries on the U. S. Judicial Code, p. 156. Hence the action will be dismissed 30 days from the date of filing of this memorandum, unless counsel by further amendment, alleges an action of which this Court has jurisdiction.

In the event plaintiffs elect to amend, the disposition to be made of the various interventions is not so easy. This necessitates an inquiry into the claims asserted by the various groups, so that it may be determined whether their intervention is of right, or permissive; where their interests lie; and whether, and if so how, they should be realigned for jurisdictional purposes. For brevity, the several interventions will be considered in groups.

In Group I, I place the interventions of George Franklin Humphries, et al., Willie Melvin McFaddin, et al., Mittie Humphries Hooper, et al., William Thomas Anderson, James Claude Cherry, et al., Jessie Malinda Gray Cooper, et al., Lillie Keesling, et al., R. R. Foust, et al., Louise Humphries Taylor, et al., Roxie Kuswara, et al. and Berletta H. Bernhard, et al. The pleadings filed on behalf of each of these groups make the same allegations as do the plaintiffs, and in each instance contend that they constitute additional collateral kin of Pelham Humphries, as the original patentee, are additional tenants in common, and are entitled to recover of the defendants under the same theory and the same chain of title as the plaintiffs. Usually the pleadings adopt all of the allegations made by the plaintiffs' first amended petition save that of heirship. The plaintiffs and all of these intervenors contest with the defendants on the main issue in the case, namely that of the Pelham Humphries title. They contest with each other only in so far as a determination of heirship is concerned.

In Group II, I place the interventions of J. Lawrence McBride, et al., Clyde W.

McDaniel, et al., and Lynn B. Magill, et al. Each of these interventions is based on allegations completely inconsistent with those of the plaintiffs, other groups of intervenors, or with each other, and each of them describes the original patentee under whom they claim in a manner to indicate that, despite the name, he was in fact a different individual from the original patentee referred to by the plaintiffs and the intervenors in Group I. The interests of the intervenors in each of these three interventions are adverse to the plaintiffs, the defendants, to the intervenors in the other groups, and to each other. They do not sue as tenants in common, or concede any title in any other party. They allege an entirely different table of genealogy. They seek relief against all other parties to the action. Each of these stands alone.

In Group III, I place seven interventions, those of Charles E. English, Etta Mae Rucks Davis, et al., Harvey Fite, et al., Radcliff Boone Anderson, Myra E. Anderson Gregory, et al., Verna Allen Burleson, et al., and Penina Metcalf Parker, et al. The allegations of these intervenors are harmonious with each other, at variance with those of the plaintiffs and the intervenors of Groups I and II. All of these intervenors contend that Pelham Humphries and William Humphries were one and the same individual; that the deed from William Humphries to William English which the plaintiffs attack in fact was genuine, and that thereby valid title passed to William English. These intervenors further allege that the original grant did not convey the minerals underlying the land in question; that the said mineral interest remained in the soverign, and was only relinquished by the State of Texas to Bailey English, son of William English by constitutional amendment of 1866. While these intervenors appear as intervening defendants, and answer the allegations of the plaintiffs, they cross-claim against all parties and seek to recover the mineral interest only from all other parties to the suit. Thus it is evident that the interests of this group are adverse to the interests of all plaintiffs, defendants, or other intervenors.

In a class alone is the intervention of E. Garland Brown. Mr Brown originally represented all of the plaintiffs, and filed the original and amended petitions on their behalf. Thereafter certain of his clients became dissatisfied with his services, and he was granted leave to withdraw from their representation. Some or all now appear through other counsel. Mr. Brown alleges that these parties have conveyed to him a portion of their fractional interest in the property, as his fee, and by this intervention he seeks, in the event the plaintiffs recover, to have such portion set aside to him. His position is identical with—in fact, is part of—that of the original plaintiffs, many of whom he continues to represent.

 The principles of law which pertain to the questions here presented I think are clearly established by the authorities. Where, as here, several tenants in common (the plaintiffs) sue other tenants in common (the defendants) in trespass to try title to recover their interest in land, the rights of the various plaintiffs are several, not joint. One such tenant in common may maintain his action alone, and may recover only his own interest. Hicks v. Southwestern Settlement & Dev. Corp., Tex.Civ.App., 188 S.W.2d 915; Steddum v. Kirby Lbr. Co., 110 Tex. 513, 221 S.W. 920; Seeley v. Cornell, 5 Cir., 74 F.2d 353; Aiken v. Cornell, 5 Cir., 90 F.2d 567. Other tenants in common, while necessary, are not indispensable parties to the suit; but the decree will not harm, nor bind, the absentees. Hicks v. Southwestern Settlement & Dev. Corp., supra; Edenborn v. Wigton, 5 Cir., 74 F.2d 374; McComb v. McCormack, 5 Cir., 159 F.2d 219; Hudson v. Newell, 5 Cir., 172 F.2d 848; Young v. Powell, 5 Cir., 179 F.2d 147.

 Such an action does not draw the realty, title to which is involved, into the custody of the Court; there is no res to be administered or disposed of by orders of the Court. Kendrick v. Kendrick, supra; Gaddis v. Junker, supra; Taylor-McCulloch v. Humble Oil & Refining Co., D.C., 29 F.Supp. 312; Aiken v. Cornell, supra. It is not a class suit, and in this State may not

be maintained as such. Glover v. McFaddin, D.C., 81 F.Supp. 426; Hicks v. Southwestern Settlement & Dev. Corp., supra; Aiken v. Cornell, supra. Neither the claims of the intervenors in Group I, parallel and comparable to those of the plaintiffs, nor of Groups II and III, antagonistic to and at variance with those of the plaintiffs, could in any sense be said to be ancillary to the main action. Hence, none of the intervenors are here as a matter of right, under Rule 24(a), Fed.Rules Civ.Proc. If they belong here at all, it is by virtue of 24(b) (2), in that their claims or defenses have questions of law or fact in common with those of the main action. Such intervention is permissive, and should be denied when the adjudication of the rights of the original parties will be thereby unduly delayed or prejudiced. Rule 24, Fed.Rules Civ.Proc.

■ Each such permissive intervention, absent a class suit or a res within custody of the Court, must be supported by its own independent grounds of federal jurisdiction. It may not depend upon that of the main suit. Hoffman v. McClelland, 264 U.S. 552, 44 S.Ct. 407, 68 L.Ed. 845; Kendrick v. Kendrick, supra; Gaddis v. Junker, supra; Cochrane v. W. F. Potts Son & Co., 5 Cir., 47 F.2d 1026; Aiken v. Cornell, supra; 4 Moore's Fed.Prac. 2nd Ed., pp. 137, 139; 3 Ohlinger's Fed.Prac. p. 494. In Aiken v. Cornell, the Court said: "To have allowed residents of Texas to intervene in the suit to establish their own individual and undivided interest would have been in effect to permit them to bring an independent suit in the federal court, though both they and the defendants are citizens of Texas, Kendrick v. Kendrick [5 Cir.], 16 F.2d 744; Gaddis v. Junker (D.C.) 27 F.2d 156, 158". [90 F.2d 568.] Similarly, in Gaddis v. Junker, a very similar case to that before me, the Court said: "The mere fact that jurisdiction may have been acquired, as between the plaintiffs and the defendants, to determine their interest in this property, would not be sufficient to give this court the right to determine the claims of those intervenors against them both. A judgment in favor of either the plaintiffs or the defendants in this case would not, if the said interveners were not parties to it, conclude their interest". [27 F.2d 158.] Which of the interventions may be admitted without undue delay and prejudice to the rights of the original parties, and which allege actions of which the Court has jurisdiction?

## Group I.

■ In my opinion, the presence of the interventions of Group I will not unduly delay disposition of this action. As stated, their theory of recovery, and the title on which they rely, is the same as that of the plaintiffs. In the event this title be sustained, the Court may then determine the internecine contest as to which of the plaintiffs and intervenors are—and which are not—true branches of the fruitful family tree. So far as I have discretion, I will permit these intervenors to remain.

■ Now to examine the jurisdictional question. The George Franklin Humphries intervention is filed by some 25 individuals, all citizens of Tennessee. They seek to align themselves with the plaintiffs. There is complete diversity between these parties and all of the defendants. As to this intervention, the defendants' motion to dismiss will be denied.

■ The Willie Melvin McFadden intervention is filed by some 12 persons, all citizens of Texas; the Mittie Humphries Hooper intervention by some 23 persons, all citizens of Texas; the James Claude Cherry intervention [1] by some 13 persons, all citizens of Texas with a single exception (of Louisiana); and the Jessie Malinda Gray Cooper intervention by some 40 persons, citizens of Texas, New Mexico, California and Nevada. All originally appeared seeking to align themselves with the plaintiffs. In recent days, all of these parties have requested leave to take a nonsuit. Other parties who have cross-acted against them do not object. Such leave is granted, and these interventions are dismissed with-

---

1. In enumerating the parties who seek to non-suit, counsel has not included all on whose behalf this intervention was filed. I suspect that this was an oversight, but to keep the record straight, I will deny leave to these parties to intervene.

out prejudice to the rights of these parties to refile. Costs incident to these interventions will be taxed against such intervenors.

■ Lillie Keesling and some 50 others, citizens of Tennessee, Ohio, Indiana, Kentucky, West Virginia, Michigan and Iowa, likewise seek to align themselves with the plaintiffs. There is complete diversity between these parties and all of the defendants. Defendants' motion to dismiss this intervention will be denied.

■ The R. R. Foust intervention is filed by some 300 parties. Without enumerating the states of their citizenship, it will suffice to say that many of these parties are citizens of the same states as are one or more of the defendants. For want of diversity of citizenship, this intervention will be dismissed at the expiration of 30 days from date of filing of this memorandum unless by amended pleading this jurisdictional deficiency is remedied.

■ The Louise Humphries Taylor intervention is filed by 12 parties, all citizens of the State of Texas, who seek to align themselves with the plaintiffs. As a majority of the defendants are citizens of this State, there is a complete want of diversity and for this reason this Court is without jurisdiction of the action alleged by these parties. This intervention will be dismissed.

■ The Roxie Kuswara intervention is filed by seven individuals, citizens of Texas, Indiana, Illinois and Tennessee, who likewise contend that they are additional kin of Pelham Humphries, the original patentee. There being a want of complete diversity between these intervenors and the defendants, this intervention will be dismissed unless by amended pleading filed within 30 days of the date hereof this jurisdictional impediment is removed.

■ The Berletta Henderson Bernhard intervention is filed by four persons, citizens of Ohio and Kentucky, who likewise claim to be additional collateral kin of Pelham Humphries. Motion to dismiss as to this intervention will be denied.

### Group II.

■ Those parties to the J. Lawrence McBride intervention recently have filed a motion for severance, requesting that their action against the defendants be tried separately and apart from that of all other proceedings herein. Having entered as permissive intervenors on the theory that their claim had common questions of law and fact with those of the main action which might conveniently be determined on a single trial, I see no reason now to order a separate trial as to this particular group. I concur in the thought expressed by counsel that the issues presented by this intervention may not be tried with those of the main action without undue delay and inconvenience to all concerned. For that reason the leave to intervene, heretofore conditionally granted the J. Lawrence McBride intervention, is denied.

■ Alleging a different Pelham Humphries as patentee, with different heirs, a different title, and different issues, the Lynn B. Magill and Clyde W. McDaniel interventions in effect present new and independent actions. Neither of these can be tried and determined upon trial of the main action without further delay and complication of an already long delayed and thoroughly complicated proceeding. Leave to intervene, heretofore conditionally granted these two interventions, is denied. Many of these intervenors have citizenship in common with that of the defendants, and for this additional reason could not determine their case here.

### Group III.

■ These parties appear, and denominate themselves, as intervening defendants. They support the title of the defendants *to the surface estate* of the land in controversy, and make common cause with them in denying the claims of plaintiffs and intervenors of Groups I and II. They cross-act against the defendants, however, and seek judgment against them for the entire *mineral estate,* and seek a "take nothing" judgment, or one quieting their title, against the plaintiffs and all other intervenors, on the interesting and rather novel theory to which I heretofore have alluded. Their counsel argues that these are not permissive interventions, but that these parties are *indispensable,* and that the action cannot proceed without them. I cannot agree with this contention. In effect, these intervenors are suing both the

defendants and all other parties for title to the minerals in all respects as if they had filed an independent suit for this purpose. They have appeared here voluntarily, and seek to make the pending action a vehicle by which to accomplish that result. As citizens of Texas and Louisiana they assert their cause of action against many citizens of Texas (defendants) and several citizens of Louisiana (plaintiffs or intervenors). As was pointed out in Gaddis v. Junker, supra, the fact that many plaintiffs, with diversity, may sue the defendants here does not permit a group of intervenors, with diversity as to neither, to sue them both. In their absence, these intervenors will not be adversely affected by any judgment which may be entered in the action. I conclude that the Court is without jurisdiction to entertain the action asserted by these intervenors of Group III. For the reasons stated in connection with the interventions of Group II, in the exercise of discretion I likewise would deny leave to intervene here, as the presence of these parties would unnecessarily delay and prejudice determination of the rights of the original parties.

■ There remains for disposition only the intervention by E. Garland Brown, a citizen of Texas. As stated above, he claims not as an heir of Pelham Humphries but under conveyances, by way of attorney's fees, from his erstwhile clients. Of all the interventions before me, this alone I consider to be ancillary to the main action, and maintainable here, despite Mr. Brown's citizenship in common with that of many of the defendants. He asserts an interest in the subject matter of the suit of which the Court has jurisdiction, namely, the fractional interest of the original plaintiffs as tenants in common with the defendants. Under the reasoning of Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657, the Court has jurisdiction of such an intervention and the motion to dismiss it will be denied.

■ On oral argument, counsel for the plaintiffs has suggested the presence of the

Reconstruction Finance Corporation, whose stock is wholly owned by the Government, as an additional ground of federal jurisdiction.[2] This defendant owns an easement or similar surface right in a tract of about 100 acres, the Pelham Humphries league containing in excess of 3,000 acres. It is argued that any or all of the plaintiffs and intervenors could sue the R. F. C. here, and that jurisdiction of that action would support the action against all of the other defendants. Were the R. F. C. sued alone, and the necessary jurisdictional amount alleged, a federal question would be presented by reason of its governmental character. Machine Tool & Equip. Corp. v. Reconstruction Finance Corp., 9 Cir., 131 F.2d 547; Federal Deposit Ins. Corp. v. George-Howard, 8 Cir., 153 F.2d 591, and cases there cited. But where jurisdiction is based on the presence of a federal question, it does not extend to and permit joinder with another cause of action which is not federal in character. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Pearce v. Penn. R. R. Co., 3 Cir., 162 F.2d 524; Markert v. Swift & Co., 2 Cir., 187 F.2d 104.

The scope of an action as this, with very many parties and issues, and with federal jurisdiction based only on diversity, is narrowly confined. To comply with this memorandum, a number of parties plaintiff or defendant must be dismissed. But this may not be the whole story. Counsel for the defendants, on the pre-trial hearing of April 9, 1951, argued that the cause of action for *damages* which the plaintiffs assert is a joint one, and may not be maintained by some tenants in common who sue without the joinder of all. It likewise has been suggested that as the action alleged by each party plaintiff to recover his part of the realty, as a tenant in common, is several, it must be alleged and proved that *as to each plaintiff*, the amount in controversy exceeds the value of $3,000. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct.

2. The Defense Plant Corp. has long been dissolved, the R.F.C. has assumed its assets and liabilities, and the plaintiffs have dismissed as to the Defense Plant Corp.

673, 86 L.Ed. 951. These questions have not been briefed or fully argued by counsel, and at this time I express no opinion upon them. It is clear, however, that in the event the plaintiffs succeed in the action, the only relief which this Court can grant will be such as will not affect the absent tenants in common. Barney v. Mayor & City Council of Baltimore, 6 Wall. 280, 18 L.Ed. 825; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; Hudson v. Newell, supra; Young v. Powell, supra; Seeley v. Cornell, supra. Counsel's attention is invited to these matters so that, if plaintiffs elect to amend and attempt to bring the case within the orbit of the jurisdiction of this Court, I may have the benefit of their thoughts and argument if and when such questions arise.

As the leave to intervene heretofore granted all of the intervenors was conditional, the discretionary action excluding the interventions of Groups II and III as causing delay and vexation would constitute a denial of such leave, or a setting aside of the original order granting such leave as improvidently granted. Those excluded for want of diversity are dismissed. Aiken v. Cornell, supra. In any event, the action will be without prejudice to the rights of the parties affected to refile in a court of competent jurisdiction.

The Clerk will furnish each counsel of record with copy of this memorandum. At the expiration of 30 days, counsel for defendants will present appropriate decree.