STATE COMPENSATION INSURANCE
FUND, Plaintiff,

v.

PROCTOR & SCHWARTZ, Incorporated,
and J. R. Crouse, Defendants.

John C. Turner, Applicant for
Intervention.

Civ. A. No. 12831.

United States District Court,
E. D. Pennsylvania.

Jan. 13, 1955.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff and applicant for intervention.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant Proctor & Schwartz, Inc.

FOLLMER, District Judge.

On October 16, 1951, the State Compensation Insurance Fund of California instituted suit against Proctor and Schwartz, Inc., a citizen of the Commonwealth of Pennsylvania. The sole basis of jurisdiction is diversity of citizenship. The action is for the recovery of workmen's compensation paid to one John C. Turner, who was injured in California, allegedly through negligence of one of the employees of Proctor and Schwartz, Inc. (hereafter referred to as the defendant). Turner had instituted an action against defendant in a California court for the recovery of damages for personal injuries, which suit was dismissed on the ground that defendant was not subject to the jurisdiction of the California courts.

In a previous motion by defendant to dismiss the main action of State Compensation Insurance Fund Judge Clary held, State Compensation Ins. Fund v. Proctor & Schwartz, D.C., 102 F.Supp. 451, that it was to redress injury to property (as distinguished from any action by Turner to recover damages for personal injuries) and consequently was within the six year limitation of the pertinent Pennsylvania Statute of Limitations, 12 P.S. § 31, and also that under the Pennsylvania Borrowing Statute, 12 P.S. § 39, the cause of action had not

been fully barred by the laws of California since, as was clearly indicated by the Turner suit in California, the defendant was not there subject to service of process thereby tolling the California Statute of Limitations. That motion to dismiss was denied.

On May 26, 1954, Turner moved to intervene on the ground that his claim for damages for personal injuries and the main action have questions of law and fact in common. The application is for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C. Defendant contends that the motion should be denied because the motion was filed beyond the applicable period of limitations and because the doctrine of laches should apply.

■ The law of the forum controls on the question of limitation of action in "diversity" cases.[1] The rule is stated in Restatement, Conflict of Laws, § 603, that "If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose." This is the law in Pennsylvania[2] subject to the provisions of 12 P.S. § 39 that if the period of the limitation in the state where the cause of action arose is less, such lesser time controls.[3]

■ In the present instance, however, we need not consider the California statute since the action has not been fully barred by the laws of that state. This, as well as the difference between State Compensation Insurance Fund's claim for property injury governed by Pennsylvania's six year Statute of Limitations, 12 P.S. § 31, and Turner's claim for personal injuries as governed by Pennsylvania's two year Statute of Limitations, 12 P.S. § 34, are fully covered by Judge Clary's opinion on the previous motion. It is quite clear that the two year limitation is controlling here. Turner could have instituted an action in Pennsylvania where defendant is incorporated at any time within the two years and his failure to act did not arrest the running of the statute.[4]

In Deane v. Greenbaum, 77 Pa.Dist. & Co. 569, defendant in a trespass action sought to counterclaim for personal injuries more than two years after the occurrence giving rise to the injury and the court held such action barred by the Statute of Limitations.[5]

Moore's Federal Practice, Second Edition, Volume 4, Par. 24.13(2), indicates the same rule should be applied in an application for intervention under Rule 24(b) of the Federal Rules of Civil Procedure in this type of action.[6]

■ There is also considerable merit in the defendant's contention that the motion is not "timely" within the purview of Rule 24(b). The cause of action arose on August 6, 1948. The service of process in Turner's California suit was attempted on August 16, 1949. The order setting aside that service was on September 12, 1950. The action in this District by the State Compensation Insurance Fund was begun October 16, 1951. The motion to dismiss that action was filed November 16, 1951, and Judge Clary's order denying the motion was entered January 23, 1952. Turner's motion to intervene was filed May 26, 1954. Turner could have instituted suit in Pennsylvania at any time from August 6,

1. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

2. In re Shaffer's Estate, 228 Pa. 36, 76 A. 716; Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346; Kilian v. Stackpole Sons, Inc., D.C.M.D.Pa., 98 F.Supp. 500.

3. Cope v. Anderson, 331 U.S. 461, 67 S. Ct. 1340, 91 L.Ed. 1602; Karagiannis v. Shaffer, D.C.W.D.Pa., 96 F.Supp. 211; Hartmann v. Time, Inc., 3 Cir., 166 F. 2d 127, 1 A.L.R.2d 370.

4. Bell v. Brady, 346 Pa. 666, 670, 31 A.2d 547.

5. See also Rosenzweig v. Heller, supra.

6. Even had this been a "class action", the injury occurred on August 6, 1948, and the suit by State Compensation Insurance Fund was commenced more than two years thereafter, namely, on October 16, 1951, and the result would have been the same. Cf. also Glover v. McFaddin, D.C.E.D.Tex., 99 F.Supp. 385.

1948, until barred by the Statute of Limitations since the defendant was at all times subject to service of process. While there are questions of law and fact in common, Turner's claim for personal injury involves more than plaintiff's claim for a property injury in which it is seeking to recover merely what has already been paid to Turner. Nor does Turner now give any good reason for the long delay. The defendant would certainly be prejudiced by being compelled to defend this additional action.

An order denying the motion to intervene will be entered accordingly.